UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2010 OCT 28 A 11:38

| | |
|---|---|
| JOHN J. FITZGERALD and MARY ELLEN FITZGERALD,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL RED CROSS and JANE DOE,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**10 CA 11846 JLT** |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and LR D.Mass 81.1, the Defendant American National Red Cross ("Red Cross") submits this Notice of Removal and as grounds states as follows:

1. On or about October 5, 2010, the above action was filed in Middlesex Superior Court, Middlesex County, MA. The caption of the Complaint is as follows: <u>John J. Fitzgerald and Mary Ellen Fitzgerald v. American National Red Cross and Jane Doe</u>, Middlesex Superior Court, Civil Action No. 10-3774.

2. The Red Cross received a copy of the complaint from plaintiff's counsel prior to filing on October 8, 2010.

3. The Red Cross was served with a copy of the Complaint on October 15, 2010.

4. Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have passed since the Red Cross received a copy of the Complaint, through service or otherwise.

5. A copy of the Complaint and all other process, pleadings and orders served upon Red Cross in this action are attached hereto as <u>Exhibit A</u>.

6. Federal subject matter jurisdiction exists over the Red Cross by virtue of 36 U.S.C. § 300105(a)(5), a provision of the Red Cross' federal charter which grants it the power to "sue and be sued in any court of law in equity, state or federal, within the jurisdiction of the United States."

7. The United State Supreme Court has construed the "sue and be sued" provision of the Red Cross' charter as conferring original jurisdiction on federal courts over all cases to which the Red Cross is a party, with a consequence that the organization is thereby authorized to remove from state to federal court any state law action in which it is a defendant. *American National Red Cross v. S.G.*, 505 U.S. 247, 112 S. Ct. 2465 (1992).

8. The Red Cross desires to remove this action to this Court and submits this notice in accordance with 28 U.S.C. § 1441 and 1446.

9. The Red Cross anticipates that, to the extent identified, the Jane Doe defendant, described in the Complaint as an employee of the Red Cross, will be defended by the Red Cross. Therefore, the Red Cross represents to the Court that all defendants have or will consent to removal.

10. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this Removal Notice will be given to all parties to this suit and will be filed with the clerk of the Suffolk Superior Court, following the filing of this notice.

11. In submitting this Notice of Removal, the Red Cross reserves all defenses to this action.

WHEREFORE, the American National Red Cross hereby files and submits its Notice of Removal.

34065191v1 0913426 50659

Respectfully submitted,

AMERICAN NATIONAL RED CROSS

By its Attorneys,

_____
Geoffrey M. Coan, BBO #641998
CharCretia V. Di Bartolo, BBO #560051
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
617-213-7000

Date:   October 28, 2010

## CERTIFICATE OF SERVICE

I, CharCretia V. Di Bartolo, hereby certify that on this 28th day of October, 2010 I served a true and accurate copy of the foregoing document to counsel of record by first class mail as follows:

Patrick T. Jones, Esq.
Richard W. Paterniti, Esq.
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110

_____
CharCretia V. Di Bartolo