TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 10-3774

MIDDLESEX, ss



John J. Fitzgerald and
Mary Ellen Fitzgerald, Plaintiff(s)

v.

American National Red Cross
and Jane Doe, Defendant(s)

## SUMMONS

To the above-named Defendant:   American National Red Cross

You are hereby summoned and required to serve upon ......Patrick..T...Jones,..Esquire............

.................................................. plaintiff's attorney, whose address is ..Cooley..Manion..Jones..LLP,

..21..Custom..House..Street,..Boston,..MA...02110.., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

..........Woburn..................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ............Woburn..........................................................

the ........13th............................................ day of ..........October..................................................

..................., in the year of our Lord ....two..thousand..ten.........

.............................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................

Dated: ............................................................................................................, 20.........

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ..........................................., 20........... )
( _____ )

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ......., ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 10-3774

John J. Fitzgerald and Mary Ellen Fitzgerald ........, Plff.

v.

American National Red Cross and Jane Doe ..............., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                          SUPERIOR COURT
                                                         CIVIL ACTION NO.: 10-3774

)
JOHN J. FITZGERALD )
and MARY ELLEN FITZGERALD, )
    Plaintiffs )
)
v. )
)
AMERICAN NATIONAL RED )
CROSS and JANE DOE, )
    Defendants )
)



## COMPLAINT AND JURY DEMAND

### INTRODUCTION

    This is a claim against the American National Red Cross and its employee for careless and negligent collection of blood from the plaintiff, John Fitzgerald, who volunteered to donate blood, at a blood donation site of the American Red Cross, and careless and negligent conduct thereafter resulting in severe, debilitating injuries to the plaintiff including, without limitation, permanent injuries to his right upper extremity, including his ulnar, median and radial nerves, caused by a compartment syndrome and resulting in complex regional pain syndrome which has caused the plaintiff to endure constant, excruciating pain that prevents him from engaging in any activities.

### PARTIES

1.    The plaintiff, John J. Fitzgerald ("Fitzgerald"), is a resident of Hopedale, County of Worcester, Commonwealth of Massachusetts.

2.    The plaintiff, Mary Ellen Fitzgerald, is a resident of Hopedale, County of Worcester, Commonwealth of Massachusetts.

3.    The defendant, American National Red Cross ("Red Cross"), upon information and belief, is a corporation with a local chapter, the American Red Cross of Massachusetts Bay, at 139 Main Street, Cambridge, County of Middlesex, Commonwealth of Massachusetts.

4.    The defendant, Jane Doe, upon information and belief, is an employee of the Red Cross and is a resident of the Commonwealth of Massachusetts. The Red Cross has failed to disclose the name of this employee to date.

5.  This Court has jurisdiction in this matter because Jane Doe, upon information and belief, is a resident of the Commonwealth of Massachusetts and because the Congressional Charter of the American National Red Cross provides that this entity may "sue or be sued in courts of law in equity, State or Federal, within the jurisdiction of the United States."

## FACTS

6.  The events complained of in this Complaint occurred at an Red Cross blood drive at the Congregational Church in Hopkinton, County of Middlesex, Commonwealth of Massachusetts. This blood drive was controlled and operated by the American Red Cross of Massachusetts Bay.

7.  On February 24, 2009, Fitzgerald, 53 years old, volunteered to give blood at this Red Cross blood drive.

8.  At the blood donation site, a representative of the Red Cross, defendant Jane Doe, applied a tourniquet to Fitzgerald's right arm and then attended to another blood donor. Several minutes later, she returned and inserted a needle into his arm. She then left Fitzgerald unattended.

9.  After several minutes, another Red Cross representative instructed Fitzgerald to pump his hand to maintain blood flow. This representative soon noted a hematoma on his arm. She removed the needle and tourniquet and stopped the blood donation. This representative advised Fitzgerald that the needle had been put in "too far."

10. Fitzgerald was given an ice pack and ace bandage for his arm and instructed to keep his arm elevated and to wait in the waiting area. He eventually was sent home.

11. Fitzgerald noticed increased bruising and felt pain and tenderness in his arm. He also began to feel tingling in his fingers. Fitzgerald contacted the Red Cross on more than one occasion and was told to apply hot soaks to his arm and was negligently reassured that his problems would resolve.

12. After a few weeks, still Fitzgerald had persistent pain, numbness and tingling. He then saw various physicians and was eventually diagnosed with severe injuries to the nerves in his right arm caused by the hematoma and resulting in severe, debilitating pain, known as complex regional pain syndrome.

13. Fitzgerald has received ongoing treatment for his injuries and pain including, without limitation, nerve blocks and pain medication. His pain is severe and prevents him from engaging in any activities.

14. The defendants carelessly and negligently collected blood from Fitzgerald on or about February 24, 2009 and carelessly and negligently advised Fitzgerald thereafter regarding his injury and proper treatment for it.

15. As a direct and proximate result of the defendants' careless and negligent conduct, Fitzgerald was caused to sustain severe personal injuries including, but not limited to,

2

permanent injuries to his ulnar, median and radial nerves in his right arm from a compartment syndrome and resulting in a severe and debilitating complex regional pain syndrome as well as severe muscle contraction.

16. Fitzgerald has incurred medical bills, lost wages, suffered a diminishment in his earning capacity, suffered great pain of body and mind, significant deterioration in his physical well-being and has been prevented from engaging in his usual activities. He will continue to suffer these damages in the future.

## COUNT I
## NEGLIGENCE – AMERICAN NATIONAL RED CROSS

17. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 16, above.

18. As a direct and proximate result of the negligence and carelessness of the Red Cross in its control and operation of a blood donation site at which blood was collected from Fitzgerald, as a result of the negligence of its employee, Jane Doe, in the collection of blood from Fitzgerald, and as a result of the negligence of the Red Cross in failing to properly and adequately advise Fitzgerald on treatment for his injury, Fitzgerald suffered severe and permanent injuries.

19. The plaintiff John Fitzgerald's loss and damages were proximately caused by the negligence of the defendant American National Red Cross.

WHEREFORE, the plaintiff, John Fitzgerald, requests that this Court enter judgment in his favor against the defendant American National Red Cross and award him damages, together with interest and costs.

## COUNT II
## NEGLIGENCE – JANE DOE

20. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 19, above.

21. As a direct and proximate result of the negligence and carelessness of Jane Doe in her failure to properly collect blood from Fitzgerald and other acts of negligence, Fitzgerald suffered severe and permanent personal injuries.

22. The plaintiff John Fitzgerald's loss and damages were proximately caused by the negligence of the defendant Jane Doe.

WHEREFORE, the plaintiff, John Fitzgerald, requests that this Court enter judgment in his favor against the defendant Jane Doe and award him damages, together with interest and costs.

3

### COUNT III
### LOSS OF CONSORTIUM – AMERICAN NATIONAL RED CROSS

23. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 22, above.

24. Mary Ellen Fitzgerald is the wife of John Fitzgerald. As a direct and proximate result of the defendant American National Red Cross' negligence, the plaintiff, Mary Ellen Fitzgerald has suffered the loss of society, comfort, services, care and companionship of his husband, John Fitzgerald.

25. The plaintiff Mary Ellen Fitzgerald's loss and damages were proximately caused by the negligence of the defendant.

WHEREFORE, the plaintiff, Mary Ellen Fitzgerald, requests that this Court enter judgment in her favor against the American National Red Cross and award her damages, together with interest and costs.

### COUNT IV
### LOSS OF CONSORTIUM – JANE DOE

26. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 25, above.

27. Mary Ellen Fitzgerald is the wife of John Fitzgerald. As a direct and proximate result of the defendant Jane Doe's negligence, the plaintiff, Mary Ellen Fitzgerald has suffered the loss of society, comfort, services, care and companionship of his husband, John Fitzgerald.

28. The plaintiff Mary Ellen Fitzgerald's loss and damages were proximately caused by the negligence of the defendant.

WHEREFORE, the plaintiff, Mary Ellen Fitzgerald, requests that this Court enter judgment in her favor against Jane Doe and award her damages, together with interest and costs.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS COMPLAINT.**

                                    The plaintiffs,
                                    By their attorneys,

                                    */s/ Pat Jones*

                                    Patrick T. Jones, BBO # 253960
                                    pjones@cmjlaw.com
                                    Richard W. Paterniti, BBO #645170
                                    rpaterniti@cmjlaw.com
                                    COOLEY MANION JONES LLP
                                    21 Custom House Street
                                    Boston, MA 02110
                                    (617) 737-3100

Dated: 10/4/10

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) John J. Fitzgerald and Mary Ellen Fitzgerald | | DEFENDANT(S) American National Red Cross and Jane Doe |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Patrick T. Jones (253960) and Richard W. Paterniti (645170), Cooley Manion Jones LLP, 21 Custom House Street, Boston, MA 02110; 617-737-3100 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- **X** 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97 and 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (M.R.C.P 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | F | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................. $50,000.00+
2. Total Doctor expenses .................................................................. $10,000.00+
3. Total chiropractic expenses .......................................................... $
4. Total physical therapy expenses ................................................... $
5. Total other expenses (describe) ...prescriptions, appointments, etc. $
   Subtotal $

B. Documented lost wages and compensation to date ............................... $
C. Documented property damages to date ............................................... $
D. Reasonably anticipated future medical and hospital expenses ............. $
E. Reasonably anticipated lost wages ...................................................... $
F. Other documented items of damages (describe)

   **TOTAL $60,000.00***
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)    *Still compiling bills

Fitzgerald was caused to sustain severe personal injuries including, but not limited to, permanent injuries to his ulnar, median and radial nerves in his right arm from a compartment syndrome and resulting in a severe and debilitating complex regional pain syndrome as well as severe muscle contraction.

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detail description of claim(s):

**TOTAL $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

" I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  Date: 10/4/10

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2010-03774-C
Courtroom Civil C - Ct Rm 610 - 200 TradeCenter, Woburn

RE: Fitzgerald et al v American National Red Cross et al
TO:
Patrick T Jones, Esquire
Cooley Manion & Jones
21 Custom House Street
6th floor
Boston, MA 02110

**RECEIVED**
OCT 07 2010
**CMJ**

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **07/26/2012**.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 01/03/2011 | 01/03/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 02/02/2011 | |
| All motions under MRCP 12, 19, and 20 | 02/02/2011 | 03/04/2011 | 04/03/2011 |
| All motions under MRCP 15 | 02/02/2011 | 03/04/2011 | 04/03/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 08/01/2011 | | |
| All motions under MRCP 56 | 08/31/2011 | 09/30/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/28/2012 |
| Case shall be resolved and judgment shall issue by **07/26/2012** | | | 07/26/2012 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 10/06/2010

Telephone: 781-939-2757

Michael A. Sullivan
Clerk of the Court

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                      SUPERIOR COURT
                                                    CIVIL ACTION NO.: 10-3774

```
                                        )
JOHN J. FITZGERALD                      )
and MARY ELLEN FITZGERALD,              )
     Plaintiffs                         )
                                        )
v.                                      )
                                        )
AMERICAN NATIONAL RED                   )
CROSS and JANE DOE,                     )
     Defendants                         )
                                        )
```

### INTERROGATORIES PROPOUNDED BY PLAINTIFF, JOHN J. FITZGERALD, TO THE DEFENDANT, AMERICAN NATIONAL RED CROSS

Pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, the plaintiff, John J. Fitzgerald ("Fitzgerald"), by her attorneys, propounds the following interrogatories to the defendant, American National Red Cross, to be answered within forty-five (45) days, pursuant to the Massachusetts Rules of Civil Procedure.

### DEFINITIONS

For the purpose of this first set of interrogatories, the following definitions and instructions shall apply:

A.  The terms "you" and "your" as used herein shall mean American National Red Cross ("Red Cross"), its agents, servants and/or employees.

B.  As used herein, "identify" and "identity" shall mean to state the full name and present address of the individual or entity.

C.  As used herein, the term "Plaintiff" shall mean John J. Fitzgerald ("Fitzgerald").

D.  The term "Defendant" shall mean American National Red Cross, its agents, servants, employees and/or one for whose conduct it was responsible.

### INTERROGATORY NO. 1:

Please identify yourself fully, by stating your full name, date of birth, residential and business address, your occupation and the position you hold with the defendant.

**INTERROGATORY NO. 2:**

For each person for whom Red Cross and its legal representatives on its behalf expect to call as an expert witness at trial, please identify each expert by giving his or her name, address, specialty, professional education and experience and state:

a. the subject matter on which each expert is expected to testify;
b. the substance of facts and opinions to which each expert is expected to testify; and
c. a summary of the grounds for each such opinion.

**INTERROGATORY NO. 3:**

Identify all persons with knowledge of the events that form the subject of plaintiff's complaint.

**INTERROGATORY NO. 4:**

The identity and address of the Red Cross employee/volunteer or independent contractor referred to as Jane Doe in plaintiff's Complaint.

**INTERROGATORY NO. 5:**

Identify whether Jane Doe was an employee, independent contractor, or volunteer at the Red Cross in February 2009 and please identify the date on which Jane Doe became so employed or began volunteering, her job title, duties and responsibilities and how and by what entity Jane Doe was paid for services rendered to or on behalf of the plaintiff.

**INTERROGATORY NO. 6:**

Identify all written and/or verbal policies, guidelines, standards and/or protocols in effect at Red Cross from January 1, 2007 to date that relate or refer to blood donation, injuries from blood donation, including but not limited to hematomas, treatment of hematomas resulting from blood donation, and advising individuals who suffer any such injuries from blood donation on treatment for such.

**INTERROGATORY NO. 7:**

Identify all written communications, pamphlets, or other written information given to donors at the Red Cross, including plaintiff, concerning blood donation, injuries from blood donation, including but not limited to hematomas, treatment of any injuries, including hematomas resulting from blood donation, and advising individuals who suffer any such injuries from blood donation on treatment for such.

**INTERROGATORY NO. 8:**

Please identify the insurance carrier, policy period and policy limits for each and every primary and excess insurance policy which provides coverage for the injuries alleged in

2

plaintiff's complaint including all individual policies and professional organization policies.

**INTERROGATORY NO. 9:**

State whether anyone has ever made a claim or filed a lawsuit against Red Cross arising out of a claim of personal injury allegedly caused by Jane Doe. If your answer is in the affirmative, please identify fully and in as much detail as possible:

a. the state, county and court where each such claim and/or lawsuit was instituted;
b. the names and addresses of the opposing parties in each said claim and/or lawsuit and their attorneys;
c. the date each said lawsuit was filed;
d. the nature of the allegations of each such claim and/or lawsuit; and
e. whether you testified under oath at any deposition, administrative proceeding and/or in Court in connection with each such claim and lawsuit; and
f. the disposition and/or status of each such claim and lawsuit.

**INTERROGATORY NO. 10:**

Identify the name, address and relationship with the Red Cross of all individuals involved in the collection of blood or blood donation procedure concerning the plaintiff on or about February 24, 2009.

**INTERROGATORY NO. 11:**

Identify the name, address and relationship with the Red Cross of any and all individuals who spoke to the plaintiff or the plaintiff's wife after the blood donation by the plaintiff in February 2009.

**INTERROGATORY NO. 12:**

Describe the substance of any and all conversations between the plaintiff or the plaintiff's wife and any individual who was acting on behalf of the Red Cross that occurred prior to, during or after the blood donation process by the plaintiff in February 2009 and as described in the Complaint.

**INTERROGATORY NO. 13:**

Has the defendant or any person to the defendant's knowledge obtained any statements, in any form, from any person, relating to or concerning the incident alleged in the complaint? If so, please identify:

(a) the name and address of each person making such statements;
(b) the name and address of each person to whom each such statement was made; and
(c) the date, place and contents of each such statement.

**INTERROGATORY NO. 14:**

State the name and address of each person whom the defendant believes is a witness to or has knowledge of any of the facts or circumstances alleged by the plaintiff, and as to each such witness, please provide the substance of the facts and opinions to which each such witness is expected to testify.

**INTERROGATORY NO. 15:**

If you or your insurance carrier has conducted a review, inquiry, or investigation of the incident set forth in the plaintiffs' Complaint, please provide the following:

(a) Identify each person who was contacted or interviewed as part of the review or who participated in the review, inquiry or investigation and state what each such person said or did with respect to the review, inquiry or investigation;
(b) State the findings or results of the review, inquiry or investigation; and,
(c) Identify each document prepared or obtained in connection with the review, inquiry or investigation and each document containing information concerning the review, inquiry or investigation.

**INTERROGATORY NO. 16:**

State whether you know of any other person, corporation, governmental agency or other entity other than you or your insurance carrier which has conducted any inspection, review, inquiry or investigation concerning the incident.

                                                                      The plaintiffs,
                                                                      By their attorneys,

*/s/ Patrick T. Jones*
Patrick T. Jones, BBO # 253960
pjones@cmjlaw.com
Richard W. Paterniti, BBO #645170
rpaterniti@cmjlaw.com
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: 10/13/10

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.: 10-3774

                                    )
JOHN J. FITZGERALD                  )
and MARY ELLEN FITZGERALD,          )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
AMERICAN NATIONAL RED               )
CROSS and JANE DOE,                 )
        Defendants                  )
                                    )

### PLAINTIFF, JOHN J. FITZGERALD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN NATIONAL RED CROSS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, the plaintiff, John J. Fitzgerald, hereby requests that the defendant, American National Red Cross ("Red Cross"), produce the original or a true and accurate copy of each of the following requested documents to the plaintiff's attorney at the offices of Cooley Manion Jones, LLP, 21 Custom House Street, Boston, Massachusetts 02110, before thirty (30) days from the date of service. These requests are continuing in character and require you to file supplementary responses if you obtain further or different information after your initial response and before trial.

### DEFINITIONS

For the purpose of this first set of requests, the following definitions and instructions shall apply:

- A. The terms "you" and "your" as used herein shall mean American National Red Cross ("Red Cross"), its agents, servants, employees, and/or one for whose conduct it is responsible.

- B. As used herein, "identify" and "identity" shall mean to state the full name and present address of the individual or entity.

- C. As used herein, the term "Plaintiff" shall mean John J. Fitzgerald or anyone acting on his behalf.

- D. The term "Defendant" shall mean American National Red Cross, its agents, servants, employees and/or one for whose conduct it is responsible.

## DOCUMENTS WITHHELD

Each document herein withheld by the defendant for any reason, including without limitation the claim of privilege, work product immunity, attorney/client privilege and/or relevancy and materiality shall be listed with a description of its date, author, recipients, general subject matter, and basis upon which it is withheld.

## REQUESTS

### REQUEST NO. 1:

All policies of insurance issued to the Red Cross including those which provide coverage for Jane Doe and coverage for the Red Cross, its officers, agents, volunteers, servants, employees, and/or those for whose conduct it is responsible, including without limitation any and all primary, excess and umbrella coverage which insured against negligence or other torts committed by Jane Doe or any other individual on or about February 24, 2009 to the present, including the coverage selection pages of the policies themselves, that are or may be available to satisfy plaintiff's claims in this action.

### REQUEST NO. 2:

All documents of any type regarding policies, procedures, protocols, standards, pamphlets, written literature, and/or guidelines that were in effect at the Red Cross in February 2009 concerning the blood collection or donation process and assessment, treatment and follow-up of a blood donor who suffers an injury, including but not limited to a hematoma, during the blood donation process.

### REQUEST NO. 3:

All reports from each expert whom the defendant intends to call as a witness at trial.

### REQUEST NO. 4:

All documents, if any, the defendant intends to offer into evidence at trial.

### REQUEST NO. 5:

Copies of all publications of any text and/or treatises that defendant or defense counsel intends to use in the cross examination of plaintiff's expert witnesses at trial.

### REQUEST NO. 6:

All statements taken or documents produced by persons who have knowledge concerning the interaction and care from Jane Doe or any other individual with the plaintiff or the plaintiff's wife from February 2009 to the present.

**REQUEST NO. 7:**

All employment contracts and written agreements from January 1, 2007 to the present with Jane Doe or anyone involved in the blood donation process with the plaintiff in February 2009, including but not limited to documents concerning job description, duties and responsibilities, supervision, job performance, performance evaluations, restrictions, supervision, termination of employment, and applications for employment including documents in support thereof.

**REQUEST NO. 8**

Copies of all bylaws of the defendant from January 1, 2009 to date.

**REQUEST NO. 9**

Copies of all documents from January 1, 2009 to date concerning or relating to any and all written, telephone, oral or electronic communications involving the Red Cross, including but not limited to Jane Doe or any other individual (excluding your attorneys), concerning or relating in any way to John Fitzgerald.

**REQUEST NO. 10**

All correspondence, office notes, medical/health questionnaires, histories, telephone messages, memoranda, notes, logs, e-mail, and any other record or document maintained by the Red Cross pertaining to John Fitzgerald.

**REQUEST NO. 11**

All appointment books and diaries kept by Jane Doe or any other individual or by the Red Cross during the period in January 1, 2009 to the present in which reference is made to the plaintiff.

**REQUEST NO. 12**

Any and all photographs, drawings, diagrams, videos, or other images of or relating to the plaintiff.

**REQUEST NO. 13**

All records, documents, correspondence, memoranda, or written materials in the possession of the Red Cross pertaining to communications with any person (excluding your attorneys) regarding the plaintiff.

**REQUEST NO. 14**

Copies of any and all statements whether written or recorded, taken by or on behalf of the defendant from witnesses relating to the plaintiff or the allegations in the plaintiff's Complaint at any time, including, but not limited to statements taken on February 24,

2009 and thereafter from witnesses who were agents, servants, employees or clients of the defendant.

### REQUEST NO. 15

Copies of any and all statements or reports made by the defendant's agents, servants, employees or clients concerning any and all of the facts relating to the plaintiff or any events described in the plaintiff's Complaint.

### REQUEST NO. 16

Copies of all statements, written or otherwise, taken by or on behalf of the defendant from the plaintiff or his family which concern the complained of incident.

### REQUEST NO. 17

Copies of all investigative or incident reports made by or on behalf of the defendant concerning the circumstances surrounding the incident alleged in the complaint.

### REQUEST NO. 18

Any and all standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations, and other written materials upon which the defendant relies or intends to rely at the trial of this case.

### REQUEST NO. 19

Copies of all reports and documents prepared by any public agency concerning or relating in any way to the plaintiff.

### REQUEST NO. 20

Copies of all pamphlets, documents and writings, if any, that were given to the plaintiff on February 24, 2009 concerning or in any way relating to blood donation.

The plaintiffs,
By their attorneys,

/s/ Patrick T. Jones (mr)

Patrick T. Jones, BBO # 253960
pjones@cmjlaw.com
Richard W. Paterniti, BBO #645170
rpaterniti@cmjlaw.com
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: 10/13/10