UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN J. FITZGERALD and MARY ELLEN FITZGERALD,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL RED CROSS and JANE DOE,<br><br>      Defendants. | CIVIL ACTION NO. 10 CA 11846-JLT |

### ANSWER OF DEFENDANT AMERICAN NATIONAL RED CROSS

Defendant American National Red Cross ("Defendant") for its answer to the Complaint filed in the above-captioned action states as follows:

### INTRODUCTION

This paragraph merely states a summary of Plaintiffs' claim and, therefore, no response is required.

### PARTIES

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.    Admitted.

4.    Defendant admits the first sentence of this paragraph. With respect to the second sentence, Defendant admits that it has not disclosed the name of its employee but denies that it was required to do so.

5.    This paragraph states conclusions of law to which no response is required.

## FACTS

6. Admitted.

7. Defendant denies Plaintiff John Fitzgerald's age as alleged on the date of the incident but otherwise admits the remaining allegations contained in this paragraph.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent this paragraph alleges negligence on the part of the Red Cross or its employee(s), such allegations are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent this paragraph alleges negligence on the part of the Red Cross or its employee(s), such allegations are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent this paragraph alleges negligence on the part of the Red Cross or its employee(s), such allegations are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph. Defendant admits that Plaintiff John Fitzgerald contacted the Red Cross after his donation but denies that it was negligent in its response.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Denied.

15. Denied.

16. Denied.

34065371v1 0913426 50659

## COUNT I
## NEGLIGENCE – AMERICAN NATIONAL RED CROSS

17. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Denied.

19. Denied.

## COUNT II
## NEGLIGENCE – JANE DOE

20. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Denied.

22. Denied.

## COUNT III
## LOSS OF CONSORTIUM – AMERICAN NATIONAL RED CROSS

23. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Defendant admits the first sentence of this paragraph. Defendant otherwise denies the remaining allegations contained in this paragraph.

25. Denied.

## COUNT IV
## LOSS OF CONSORTIUM – JANE DOE

26. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Defendant admits the first sentence of this paragraph. Defendant otherwise denies the remaining allegations contained in this paragraph.

28. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff John Fitzgerald was comparatively or contributorily negligent in excess of fifty (50) percent and, therefore, any recovery must be denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff John Fitzgerald was comparatively or contributorily negligent and, therefore, any recovery must be reduced.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are attributable to causes other than the acts or omissions of Defendant or its agents or employees and are capable of being apportioned amongst the causes. Recovery must be denied for injuries not attributable to this Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages and his recovery must be reduced or denied accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's unreasonable acts were the proximate cause of injury and therefore there can be no recovery.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to comply with the provisions of M.G.L. c. 231, § 60B.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages were caused by acts of third parties over whom Defendant had no control and for whose act Defendant is not responsible.

34065371v1 0913426 50659

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff John Fitzgerald is barred from recovery, Plaintiff John Fitzgerald's spouse's causes of action are also barred because they are derivative.

## NINTH AFFIRMATIVE DEFENSE

The liability of the Defendant is barred or limited by the application of M.G.L. c. 231, 85K.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff John Fitzgerald provided informed consent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to an intervening or superseding act for which Defendant is not liable.

## JURY DEMAND

Defendant demands a jury as to all issues and claims so triable.

WHEREFORE, Defendant American National Red Cross respectfully demands judgment dismissing this action with prejudice, awarding its costs and reasonable attorney's fees and such other and further relief as may be just and appropriate.

Respectfully submitted,

AMERICAN NATIONAL RED CROSS

By Its Attorneys,

*/s/ CharCretia V. Di Bartolo*
Geoffrey M. Coan, BBO #641998
CharCretia V. Di Bartolo, BBO #560051
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110

Date:   November 2, 2010                617-213-7000

**CERTIFICATE OF SERVICE**

    I, CharCretia V. Di Bartolo, hereby certify that on this 2nd day of November, 2010, I served a true and accurate copy of the foregoing document to counsel of record by first class mail as follows:

Patrick T. Jones, Esq.
Richard W. Paterniti, Esq.
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110

                                       */s/ CharCretia V. Di Bartolo*_____
                                       CharCretia V. Di Bartolo

34065371v1 0913426 50659